UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DEMETRIUS REYNOLDS,　　　)
　　　　　　　　　　　　　)
　　　　Petitioner,　　　　)
　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　)　Case No. 4:14 CV 1060 CDP
　　　　　　　　　　　　　)
TERRY RUSSELL,　　　　　　)
　　　　　　　　　　　　　)
　　　　Respondent.　　　　)

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow I will deny the

petition.

### Procedural History

Petitioner Demetrius Reynolds is currently incarcerated at the Eastern

Regional Diagnostic and Correctional Center in Bonne Terre, Missouri, pursuant to

a judgment and sentence of the Circuit Court of St. Louis City, Missouri. On

November 18, 2009, following a jury trial, Reynolds was found guilty of robbery

in the first degree. The Circuit Court sentenced him to twenty-five years

imprisonment.

Reynolds appealed his conviction to the Missouri Court of Appeals, arguing that: (1) there was insufficient evidence to support a conviction for first-degree robbery; (2) the trial court erred when it failed to declare a mistrial over prejudicial testimony; and (3) the trial court erred when it failed to strike an impartial juror. *See Resp't Ex. D.* The Missouri Court of Appeals affirmed Reynolds' conviction. *Resp't Ex. F.*

On June 10, 2011, Reynolds filed a *pro se* motion in the trial court for post-conviction relief under Missouri Rule 29.15. *See Resp't Ex. H.* Counsel was appointed to represent him, and an amended motion for post-conviction relief was filed on November 27, 2012. *Resp't Ex. H.* In his amended petition, Reynolds alleged that trial counsel was ineffective for: (1) failing to conduct enough discovery and to investigate the case sufficiently; (2) failing to object to the prosecutor's introduction of out of court evidence to the jury; (3) failing to suppress various State exhibits; (4) failing to obtain from the victim an in-court identification of Reynolds; (5) allowing other public defenders to speak with and attempt to convince Reynolds to accept a guilty plea; (6) failing to suppress State's Exhibit 10, a photograph used to identify Reynolds; and (7) failing to call an expert witness to show that State's Exhibit 10 was not an authentic photograph. *Resp't Ex. H.* Reynolds also alleged that appellate counsel was ineffective for: (1) failing to raise on direct appeal the issue of the trial court's error in submitting the jury

instruction for first degree robbery; and (2) failing to raise on direct appeal the trial court's error in not appointing substitute counsel after Reynolds expressed good cause or justifiable satisfaction with his appointed attorney. *Resp't Ex. H.* Finally, Reynolds alleged several forms of prosecutorial misconduct, and that the trial court abused its discretion by: (1) denying his motion for change of attorney; (2) allowing hearsay testimony into evidence; and (3) denying his motion to excuse a juror. *Resp't Ex. H.* The motion court held an evidentiary hearing and denied Reynolds' post-conviction motion on July 13, 2012. *Resp't Ex. I.*

Reynolds appealed the motion court's decision, arguing that the motion court erred in denying his motion because: (1) his trial counsel had an actual conflict of interest; and (2) his appellate counsel failed to assert trial court error surrounding that court not appointing substitute counsel. The Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief. *Resp't Ex. M.* Reynolds then filed this petition for a writ of habeas corpus.

### Factual Background

The evidence presented at trial showed that on the morning of August 24, 2008, victim Flam Ross was driving home when he was flagged down by a woman who said she was out of gas. Ross exited his truck, retrieved a gas can that he kept in the back, and began filling the woman's truck. Ross testified that two men were standing nearby, one of whom said to Ross "Hey, Unc." Ross testified that he was

commonly called "Unc." After Ross finished putting gas in the truck, the other man, who Ross later identified as Reynolds, approached Ross from behind and said "[T]his your Unc?" Reynolds then pressed an object against Ross's neck and said he was going to "blow [Ross] away." Reynolds then took Ross's wallet, which contained a one-hundred dollar bill folded in a particular way. Ross testified that the three individuals left together in a car, and that he told police this when he called them immediately after.

When police pulled the car over soon thereafter they found Ross's empty wallet five feet from the car. Reynolds was in the backseat of the car, and Ross's gas can was also found in the car. At the jail, police found a one-hundred dollar bill folded into a small rectangle inside Reynolds' left sock. Ross later identified the bill as the one that had been in his wallet.

Before trial, Reynolds informed the trial court of issues he had with trial counsel to that point, including that Reynolds had filed a motion for change of counsel. The trial court found no issue and proceeded to trial. During the trial, a juror revealed to the court that she had recognized the victim when he testified. The court ultimately determined not to excuse her. The jury found Reynolds guilty of first degree robbery.

## Grounds Raised

Reynolds now seeks federal habeas corpus relief, pursuant to a petition for a writ of habeas corpus, filed July 24, 2014. In his petition, Reynolds asserts the following grounds:

(1)  He was denied the right to a fair trial in that the state failed to prove the requisite elements of the crime when the State did not offer any evidence of the use of a weapon or what appeared to be a weapon;

(2) He was denied the right to a fair trial by an impartial jury when prejudicial testimony was introduced before the jury regarding a knife and the trial court refused to declare a mistrial;

(3) He was denied the right to a fair trial by an impartial jury when the trial court permitted a juror who knew the victim to serve on the jury;

(4) Reynolds' trial counsel was ineffective because his counsel had a conflict;

(5) Reynolds' appellate counsel was ineffective for failing to bring on direct appeal his trial counsel's conflict and the trial court's refusal to provide substitute counsel;

(6) Reynolds' trial counsel was ineffective for assuming Reynolds was guilty as charged, making no effort to execute a viable defense, and seeking only to obtain a guilty plea from him;

(7) Reynolds' appellate counsel was ineffective for failing to raise on appeal the issues of the verdict director and other claims of prosecutorial misconduct and trial error.

**Legal Standard**

A federal court has the power to grant a writ of habeas corpus under 28 U.S.C. § 2254(d). Under that section of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim has been adjudicated on its merits in state court, the federal court may not grant a writ of habeas corpus unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Under subsection (1), the Supreme Court has stated that "[a] state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). Further, the

Supreme Court has construed § 2254(d)(1)'s 'unreasonable application' clause to mean that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2002). "Rather, that application must also be unreasonable." *Id.*

Under subsection (2), factual determinations of a state court "shall be presumed correct" and a petitioner must rebut such determinations by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Eighth Circuit has stated that "a state court decision involves an 'unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa,* 327 F.3d 748, 752 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)); *Boyd v. Minnesota,* 274 F.3d 497, 501 n.4 (8th Cir. 2001).

## Discussion

### Ground 1: Insufficiency of the Evidence for First Degree Robbery

In ground one, Reynolds claims that there was insufficient evidence to support his conviction for first degree robbery because the state offered no evidence of a weapon or what appeared to be a weapon. Reynolds raised this

claim on direct appeal, so it is properly preserved for review here. The Missouri Court of Appeals rejected the claim.

Claims of insufficiency of the evidence are analyzed under the standard of *Jackson v. Virginia,* 443 U.S. 307 (1979). Under *Jackson*, a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324. "All conflicting inferences that arise from the historical facts must be resolved in favor of the prosecution." *Nance v. Norris,* 392 F.3d 284, 290 (8th Cir. 2004). Further, "[w]e also presume that the findings of fact made by a state court are correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Evans v. Luebbers*, 371 F.3d 438, 441 (8th Cir. 2004).

Missouri law provides that a "person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he…[d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument." Mo. Rev. Stat § 569.020(4). "For the purposes of first-degree robbery, it does not matter whether the actor actually had a weapon, as long as he [or she] appeared to have a weapon." *State v. Hand*, 305 S.W.3d 476, 480 (Mo. Ct. App. 2010).

In the present case, Ross testified that Reynolds pressed a hard metal object against his neck and threatened to "blow [him] away." The Missouri Court of

Appeals noted that the jury had a reasonable basis from which it could find that Ross complied because he was in fear of personal harm from the hard metal object against his neck while being told he would be blown away. Upon review of the record, this Court does not believe that the decision of the Missouri Court of Appeals, i.e., that a jury could find that Reynolds threatened the use of a weapon, involved an unreasonable application of federal law or an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to habeas relief on this ground.

**Ground 2: Trial Court Error Regarding Prejudicial Testimony**

In ground two, Reynolds claims the trial court erred in denying his motion for a mistrial after a police detective testified he found a knife in Tranisha Gibbs' purse. Gibbs was the woman who flagged Mr. Ross down and claimed she was out of gas. Reynolds claims that the detective's testimony was irrelevant, immaterial, and highly prejudicial. Reynolds raised this claim on direct appeal, so it is properly preserved for review here. The Missouri Court of Appeals denied the claim.

The detective testified on direct examination that he found a knife in Gibbs' purse. Reynolds objected to this testimony and requested a limiting instruction for the jury. The trial judge sustained the objection and instructed the jury to disregard. On cross-examination, Reynolds asked the detective whether a gun had

been recovered, to which the detective responded that he did not find a gun in his search for a weapon. On redirect, the State asked: "When you say you looked for a weapon, was that based on the description that you had from the victim?" The detective responded affirmatively. Reynolds then objected and requested a mistrial based upon this statement and its relation to the testimony about the knife.

"'A state court's evidentiary rulings can form the basis for habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process.'" *Osborne v. Purkett,* 411 F.3d 911, 917 (8th Cir. 2005) (quoting *Parker v. Bowersox,* 94 F.3d 458, 460 (8th Cir. 1996). "A deprivation of due process is established when an error is gross, conspicuously prejudicial or of such import that the trial was fatally infected." *Logan v. Lockhart*, 994 F.2d 1324, 1329 (8th Cir. 1993) (quotations omitted). "Relief will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement." *Barnett v. Roper*, 541 F.3d 804, 813 (8th Cir. 2008).

Here, the trial court judge immediately ruled that the evidence was inadmissible and ordered the jury to disregard the detective's testimony on the matter of the knife. "We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will be able to follow the court's

instructions and a strong likelihood that the effect of the evidence would be devastating to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n. 8 (1987) (quotations omitted).

Reynolds has not demonstrated a reasonable probability that he would not have been convicted but for the improper statement about the knife. The Missouri Court of Appeals found that the trial court acted within its discretion in instructing the jury to disregard the evidence about the knife and in denying Reynolds' motion for a mistrial. The court's decision was supported by the factual record and involved a reasonable application of federal law. Accordingly, Petitioner is not entitled to habeas relief on this ground.

**Ground 3: Trial Court Error in Refusing to Strike a Juror**

In ground three, Reynolds claims the trial court violated his right to due process and a fair trial by an impartial jury in denying his motion to strike a juror and seat an alternate after the juror informed the trial court she recognized the victim. Reynolds raised this claim on direct appeal, so it is properly preserved for review here. The Missouri Court of Appeals denied the claim.

After the victim testified, the juror informed a bailiff that she recognized the victim. After the State had rested, the trial court conducted a hearing with the juror at the bench. The juror indicated that she recognized the victim when he testified, and that she had last seen the victim about thirty years ago when she was twelve

years old.  The victim was her mother's landlord at that time.   The court

questioned the juror and subsequently denied Reynolds' motion to strike and

replace.

The issue of an individual juror's partiality is a question of "historical fact"

for the trial court, and is entitled to "special deference."  *Patton v. Yount*, 467 U.S.

1025, 1036, 1038 (1984).  "Under 28 U.S.C. § 2254(d), a habeas court must, of

course, afford this determination the presumption of correctness due a state court's

factual findings."  *Logan*, 994 F.2d at 1326-27.  "The question for this court, then,

is whether the state court's conclusion that the juror would be impartial is fairly

supported by the record."  *Id.* at 1327.

Here, the juror testified that her past acquaintance with the victim would not

affect her ability to be impartial, and that she could judge the victim's credibility

just as she would judge other witnesses.  The trial court found the juror's testimony

to be credible and denied Reynolds' motion to remove the juror and replace her

with an alternate.  The Missouri Court of Appeals noted that the juror had minimal

contact with the victim when she was twelve, and that she stated she would remain

fair and impartial.  That decision is consistent with *Patton*.  The trial court was in

the best position to determine whether the juror could overcome her past

acquaintance with the victim and remain impartial.  Further, the decision of the

Missouri Court of Appeals was supported by the factual record and not contrary to,

or an unreasonable application of, clearly established federal law.  Accordingly, Petitioner is not entitled to habeas relief on this ground.

**Ground 4: Denial of the Right to Conflict-Free Counsel**

In ground four, Reynolds claims he was denied the right to due process and effective representation by conflict-free counsel.  Reynolds alleges that he had a conflict with trial counsel, that the trial court failed to take reasonable steps to address that conflict, and that this conflict caused Reynolds to refuse a plea offer and instead proceed to trial.  Reynolds raised these issues in his motion for post-conviction relief, and so they are properly preserved for review here.  The motion court denied the claim and the Missouri Court of Appeals affirmed.

Reynolds filed motions for change of appointed counsel twice during 2009 alleging a conflict of interest and an irreconcilable conflict over litigation strategy. After jury selection, Reynolds told the trial court that he had a conflict of interest with trial counsel because they did not see eye-to-eye. He also complained about trial counsel's attitude during their conversations and the fact that trial counsel had merely interviewed the victim by telephone rather than taking a deposition.  The trial court noted these complaints but found they did not rise to the level necessary for appointment of new counsel.

The Sixth Amendment does not guarantee the right to a "meaningful relationship between an accused and his counsel."  *Morris v. Slappy*, 461 U.S. 1,

14 (1983).  Further, "[a]ppointment of new counsel is warranted only when the defendant demonstrates justifiable dissatisfaction with his appointed attorney." *United States v. Baisden*, 713 F.3d 450, 454 (8th Cir. 2013).  "The focus of the justifiable dissatisfaction inquiry is the adequacy of counsel in the adversarial process, not the accused's relationship with his attorney." *Id.* (quoting *United States v. Barrow*, 287 F.3d 733, 738 (8th Cir. 2002)).  "Justifiable dissatisfaction includes an irreconcilable conflict or a complete breakdown in communication." *Baisden*, 713 F.3d at 454.  Importantly, "it does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation." *Id.*  "Thus, a defendant has no right to an attorney who will docilely do as []he is told…." *Id.*

Here, the alleged conflict did not rise to the level of justifiable dissatisfaction. The Missouri Court of Appeals determined that the facts of the case did not demonstrate an actual conflict.  First, the court of appeals found that the trial court informed Reynolds of the plea agreement and the possible consequences of refusing the plea agreement and proceeding to trial.  Second, considering the motion court's hearing, the Missouri Court of Appeals found no actual conflict of interest and that Reynolds was simply detailing a dysfunctional relationship due to his subjective mistrust of trial counsel.  The court concluded that any conflict was created by Reynolds' unwillingness to accept the reality of the facts of his own

predicament.  Further, the court concluded that the fact that Reynolds proceeded to trial and received a longer sentence than desired did not result in an actual conflict of interest.  In doing so, the Missouri Court of Appeals' decision is supported by the factual record and is not contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, Petitioner is not entitled to habeas relief on this ground.

**Ground 5: Denial of Effective Assistance of Appellate Counsel**

In ground five, Reynolds claims he was denied the rights to due process and effective assistance of appellate counsel when his appellate counsel failed to raise on direct appeal the alleged conflict of interest with trial counsel, as well as the trial court's refusal to provide substitute counsel.  Reynolds alleges that the Missouri Court of Appeals would have reversed his conviction had appellate counsel raised these issues.   Reynolds raised these issues in his motion for post-conviction relief, and so they are properly preserved for review here.  The motion court denied the claim and the Missouri Court of Appeals affirmed.

Federal law relating to this claim is similar to that which relates to ground four.  A defendant is only entitled to new counsel upon proof of "justifiable dissatisfaction."  *Baisden*, 713 F.3d at 454.  The focus of this inquiry is on the adequacy of counsel's representation, not the defendant's relationship with his counsel.  *Id.*  Justifiable dissatisfaction does not include "a defendant's frustration

with counsel who does not share defendant's tactical opinions but continues to provide zealous representation." *Id.*

To demonstrate ineffective assistance of counsel, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To prevail on a claim of ineffective assistance of counsel requires proof of two components. *Id.* at 687. First, the petitioner must "show that counsel's performance was deficient" by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the petitioner must show "that the deficient performance prejudiced the defense." *Id.*

The Missouri Court of Appeals found that because the trial court did not err in denying Reynolds' motion to substitute trial counsel his appellate counsel could not have been ineffective for failing to raise the issue on appeal. Further, the court found the conviction would have been affirmed even if such argument as Reynolds desires had been made. The court's decision is a reasonable application of, and not contrary to, *Strickland*, and is supported by the factual record. Reynolds did not prove that counsel's performance was deficient, or that he was prejudiced by such performance. Accordingly, Petitioner is not entitled to habeas relief on this ground.

**Grounds Six and Seven: Ineffective Assistance of Trial and Appellate Counsel**

In ground six, Reynolds claims he was denied the rights to due process and effective representation by conflict-free trial counsel when his attorney assumed Reynolds' guilt, made no efforts to prepare and execute a viable defense, and sought only to obtain a plea of guilty. In support, Reynolds notes counsel's failure to depose the victim, failure to object at certain times during trial, and discussion with other attorneys about his case. In ground seven, Reynolds claims he was denied the right to due process and effective representation by appellate counsel. In support, Reynolds alleges appellate counsel was ineffective in not raising the issue of the verdict director and claims of prosecutorial misconduct and trial court error on direct appeal. This court considers these claims together because their procedural history is exactly the same, as detailed below, and neither were properly exhausted. Reynolds admits that he failed to exhaust these claims in state court. For the reasons that follow, these claims are now procedurally defaulted.

In this case, Reynolds' post-conviction public defender filed an amended motion for post-conviction relief, to which he attached Reynolds' original *pro se* motion for post-conviction relief. As to the claims in grounds six and seven, Reynolds' public defender did not present any evidence to the motion court. Post-conviction counsel did, however, include proposed findings of fact and conclusions of law for each of the claims raised in Reynolds' *pro se* motion, all of which were

in grounds six and seven. Further, the amended motion explicitly incorporated all claims raised in the original *pro se* motion, which, as noted above, was physically attached to counsel's amended motion. Finally, in its findings of fact and conclusions of law, the motion court wrote that it had reviewed all of Reynolds' *pro se* claims, which included the ones in grounds six and seven, and found no merit in any of them. The motion court subsequently overruled and denied Reynolds' motion to vacate, set aside, or correct the judgment and sentence. Reynolds did not appeal the claims in grounds six and seven to the Missouri Court of Appeals.

Therefore, the claims in grounds six and seven were properly raised and denied by the motion court. Reynolds failed to raise these claims on appeal of the denial of his motion for post-conviction relief, and thus did not properly exhaust them in state court. To preserve a claim for federal habeas review, a state prisoner must properly raise the claim in the state courts. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). A failure to present a claim before the state court according to state procedural rules results in a procedural default of that claim. *Id.* at 1151. In Missouri, a claim is procedurally defaulted if it is not raised on appeal. *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996) (finding ineffective assistance of counsel claim abandoned when not advanced on appeal from denial of post-conviction motion).

Reynolds can overcome his procedural default only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Reynolds argues *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applies to these claims, but it does not. In *Martinez*, the Supreme Court announced a narrow carve-out to its earlier holding in *Coleman*: cause may only be demonstrated where post-conviction counsel was ineffective in not raising ineffective assistance of trial counsel claims in initial-review collateral proceedings. *Martinez*, 132 S. Ct. at 1315. The Supreme Court defined initial-review collateral proceedings as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* Here, post-conviction counsel raised these claims in a motion for post-conviction relief, or the first occasion to raise the claim of ineffective assistance. Because the motion court subsequently considered and denied the claims, *Martinez* does not excuse Reynolds' default. The Supreme Court was specific in holding that a petitioner may establish cause for a default "where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.* at 1318. Reynolds post-conviction counsel actually raised these claims in the initial-collateral review proceeding, and the

court considered and denied them.  Reynolds has failed to show counsel was deficient in doing so.  Thus, *Martinez* does not save Reynolds' claims in grounds six and seven from procedural default.

Further, with regard to ground seven's ineffective assistance of appellate counsel claim, the Eighth Circuit has declined to extend *Martinez* to such claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) ("We therefore decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal.").  Consequently, Reynolds has not established cause to overcome the procedural default of this claim.

Because the claims contained in grounds six and seven were raised by post-conviction counsel in initial collateral review proceedings, but not raised on appeal, both are procedurally defaulted, and Reynolds has not established cause to overcome this default.

## Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  *Id.* § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are

debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Reynolds' claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Demetrius Reynolds for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accord with this order is entered today.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2015.